**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRANDI R. BRUNER, individually, )
and on behalf of a class of others )
similarly situated, et al., )
 )
      Plaintiffs, )
 )  CIVIL ACTION
v. )
 )  No. 07-2164-KHV
SPRINT/UNITED MANAGEMENT CO., )
et al., )
 )
      Defendants. )
_____)

**MEMORANDUM AND ORDER**

Plaintiffs bring suit against Sprint/United Management Co. and Sprint Nextel Corp., on behalf of themselves and others similarly situated seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. This matter comes before the Court on Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404 (Doc. #43) filed July 3, 2007. For reasons stated below, the Court overrules the motion.

**Factual Background**

Plaintiffs' complaint and the declarations and exhibits which the parties have submitted are summarized as follows:

Sprint/United Management Co. ("Sprint") and Sprint Nextel Corp. ("Sprint Nextel") are Kansas corporations which provide wireless telecommunication services nationwide. Sprint and Sprint Nextel operate call centers in several states. At the call centers, "customer specialists" provide customer service by accepting inbound calls from Sprint and Sprint Nextel customers. The pertinent call centers are located in Charlotte, North Carolina; Rio Rancho, New Mexico; Bristol,

Virginia; Elmsford, New York; Sacramento, California; Fort Worth, Texas; Orlando, Florida; Oklahoma City, Oklahoma; Hampton, Virginia; Temple, Texas; and Lenexa, Kansas.[1] The managerial hierarchy of the call centers is as follows:[2]

| Facility | No. of Site Directors | No. of Operations Managers | No. of Workforce Managers |
|---|---|---|---|
| Forth Worth, TX | 1 | 5 | 1 |
| Orlando, FL | 1 | 6 | 1 |
| Oklahoma City, OK | 1 | 7 | 1 |
| Rio Rancho, NM | 1 | 6 | 1 |
| Charlotte, NC | 1 | 6 | 1 |
| Hampton, VA | 1 | 7 | n/a |
| Temple, TX | 1 | 7 | 1 |
| Bristol, VA | 1 | 6 | 1 |

Named plaintiff, Brandi Bruner is a Texas resident who worked as a customer specialist at the Oklahoma City call center from October of 2005 to March of 2006 and the Fort Worth call center

---

[1] Defendants also operate call centers in Elmsford, New York and Sacramento, California. Although the complaint includes allegations regarding these call centers, they are apparently the subjects of separate FLSA litigation, and plaintiffs do not intend to pursue any claims in this action based on the Elmsford and Sacramento call centers. See Plaintiffs' Response (Doc. #56) filed July 17, 2007, at 2 n.3.

[2] See Declaration Of Scott Barli (Doc. #43-3) ¶¶ 4, 8 (Fort Worth, TX); Declaration Of Efrain Huertas (Doc. #43-4) ¶ 8 (Orlando, FL); Declaration Of Craig Sherry (Doc. #43-6) ¶¶ 4, 8 (Oklahoma City, OK); Declaration Of Craig Jantzi (Doc. #43-7) ¶¶ 4, 8 (Rio Rancho, NM); Declaration Of Alexander Elmes (Doc. #43-8) ¶¶ 4, 8 (Charlotte, NC); Declaration Of Brian Cohn (Doc. #43-10) ¶¶ 4, 8 (Hampton, VA); Declaration Of Thaddeus Danley (Doc. #43-11) ¶¶ 4, 8 (Temple, TX); and Declaration Of Felicia Gilliam (Doc. #43-12) ¶ 8 (Bristol, VA) all filed July 3, 2007.

The record does not indicate whether the Hampton call center employs a workforce manager. The record also does not contain a managerial breakdown of the Lenexa facility.

from March of 2006 to October of 2006. Since the commencement of this action, 64 additional plaintiffs have joined the litigation. In general, plaintiffs are customer specialists who worked at defendants' call centers on an hourly basis. As non-exempt employees under the FLSA, plaintiffs were entitled to overtime pay. Defendants did not allow them to accurately or independently maintain time records, however, and did not pay overtime, in violation of the FLSA. Plaintiffs currently include at least one current or former employee of each call center except Rio Rancho and Orlando.

Under 28 U.S.C. § 1404, defendants request that the Court transfer this case to the United States District Court for the Northern District of Texas – the judicial district in which the Fort Worth call center is located.

## **Discussion**

Defendants' motion to transfer venue is governed by 28 U.S.C. § 1404, which provides in pertinent part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As movants, defendants bear the burden of establishing that the existing forum is inconvenient. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). The Court exercises broad discretion over the motion to transfer through an "individualized, case-by-case consideration of convenience and fairness." Id. at 1516 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In deciding the motion, the Court weighs the following factors:

> plaintiffs' choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial;

> difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. (citing Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). Unless the balance of these factors strongly favors defendants, plaintiffs' choice of forum should rarely be disturbed. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

As noted above, defendants request that the Court transfer this case to the Northern District of Texas. Defendants argue that the Northern District of Texas presents a more convenient venue because (1) most material witnesses reside outside the District of Kansas, while hundreds reside near the Northern District of Texas; (2) relevant documents are located at the Fort Worth call center; and (3) the case has a substantial connection to that judicial district. These arguments are unpersuasive.

This case involves several call centers throughout the United States. Even if defendants are correct that most witnesses and documents are located outside the District of Kansas, the same is true for the Northern District of Texas. Defendants concede that this case involves "thousands of . . . potential witnesses scattered around the country near the other call centers," Defendants' Memorandum (Doc. #44) filed July 3, 2007, at 12, and the Court is confident that relevant documents (e.g. time sheets, policy statements, etc.) are located at each call center. Defendants assert that the Fort Worth call center is "one of the larger call centers," see id. at 21, 23, but the record does not support this assertion. Defendants provide no comparative data on this point, and the managerial hierarchy of the call centers – which shows that the Fort Worth call center employs fewer managers than any of the other call centers – suggests that the Fort Worth call center is the smallest call center at issue in this case. At best, the transfer would prove more convenient for those individuals at the Fort Worth call center, but would inconvenience any witnesses or parties

(including defendants themselves, who are Kansas corporations) in the District of Kansas and elsewhere. Courts have routinely rejected motions to transfer venue where the requested transfer would simply shift inconvenience among the parties. See Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc., 434 F. Supp.2d 1051, 1064 (D. Kan. 2006) (court will not disturb plaintiff's choice of forum where transfer of venue only shifts burden on parties); Lone Star Steakhouse & Saloon, Inc. v. Adams, 169 F. Supp.2d 1197, 1203 (D. Kan. 2001) (merely shifting inconvenience not permissible justification for change of venue).

Further, the Court disagrees with defendants' contention that the Northern District of Texas has a substantial connection to this case and the District of Kansas does not. Both defendants are Kansas corporations and Sprint's principal place of business is Overland Park, Kansas. In addition, John VanGoethem, a former employee of the Lenexa call center, has joined this action as an opt-in plaintiff.[3] See Consent To Become A Party Plaintiff (Doc. #55) filed July 17, 2007; Declaration Of

---

[3] Defendants argue that the Court should not consider the Lenexa call center or any of its employees who opt into the action because (1) the complaint does not mention the Lenexa call center and any reference to the Lenexa call center is an inappropriate attempt to amend the complaint; and (2) Lenexa call center employees are not similarly situated to other putative class members.

Under the Portal To Portal Pay Act, 29 U.S.C. § 251 et seq., VanGoethem's filing of his consent to join triggers the commencement of his claim without regard to any formal amendment of the complaint. See 29 U.S.C. § 256(b) (a claim under the FLSA "shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent [to become a party plaintiff] is filed in the court in which the action was commenced.") Thus, although the complaint does not specifically mention the Lenexa call center, VanGoethem's consent to join effectively introduces the Lenexa call center into the case. Moreover, the scheduling order provides that plaintiffs shall file a motion to add additional parties or otherwise amend the pleadings after the Court determines whether the action should be conditionally certified as a collective action – which it has not yet done. See Scheduling Order (Doc. #73) filed July 31, 2007, at 6. The scheduling order clearly anticipates the filing of a global motion to amend which tracks the overall development of the case, and the Court will not punish plaintiffs for failing to amend
(continued...)

John VanGoethem (Doc. #56-2) filed July 17, 2007, ¶ 1.  These facts demonstrate that the District of Kansas maintains a substantial connection to the case.

Nothing in defendants' motion suggests that any of the factors relevant to transfer of venue weigh strongly in their favor.  Because transfer to the Northern District of Texas would not alleviate much, if any, of the inconvenience inherent in this case, and because the District of Kansas is substantially connected to this case, the Court overrules defendants' motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404 (Doc. #43) filed July 3, 2007 be and hereby is **OVERRULED**.

Dated this 22nd day of August, 2007 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[3](...continued)
their complaint to account for a single opt-in plaintiff.

With regard to defendants' argument that Lenexa call center employees are not similarly situated to other employees, the Court notes that the determination whether putative class members are similarly situated is a matter of collective action certification, and will not be considered on the motion to transfer.  See 29 U.S.C. § 216(b) (permitting collective FLSA action of those "similarly situated"); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001) (approving two-step certification approach in determining whether plaintiffs similarly situated for purposes of collective FLSA action).