# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDI R. BRUNER, individually,** ) <br> **and on behalf of a class of others** ) <br> **similarly situated, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) **CIVIL ACTION** <br> v. ) <br> ) **No. 07-2164-KHV** <br> **SPRINT/UNITED MANAGEMENT CO.,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br>_____) <br> ) <br> **JENA LIPNICK and JENNIFER FONG,** ) <br> **individually, and on behalf of a class of** ) <br> **others similarly situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) **CIVIL ACTION** <br> v. ) <br> ) **No. 08-2133-KHV** <br> **SPRINT/UNITED MANAGEMENT CO.,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br>_____) <br> ) <br> **JOHNNY ALMONTE, individually,** ) <br> **and on behalf of a class of others** ) <br> **similarly situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) **CIVIL ACTION** <br> v. ) <br> ) **No. 08-2149-KHV** <br> **NEXTEL OF NEW YORK, INC.,** ) <br> ) <br> **Defendant.** ) <br>_____) | |

**ORDER**

This matter comes before the Court on the parties' Joint Motion For Consolidation (Doc. #232) filed April 14, 2008. The three cases captioned above involve the claims of telephone-dedicated customer specialists for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and state law. Plaintiffs pursue their FLSA claims as collective actions under that statute, see 29 U.S.C. § 216(b), and their state law claims as class actions under Rule 23, Fed. R. Civ. P.

Rule 42(a)(2), Fed. R. Civ. P., permits the Court to consolidate cases which "involve a common question of law or fact." The decision whether to consolidate is left to the sound discretion of the Court. McCoy v. Whirlpool Corp., No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003) (citing Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978)). In exercising this discretion, the Court considers whether judicial efficiency is best served by consolidation. Id. For substantially the reasons argued in the joint motion to consolidate, the Court sustains the parties' Joint Motion For Consolidation (Doc. #232) filed April 14, 2008. Specifically, the parties represent that they have finalized the material provisions of a global settlement of the three cases, and the Court believes that consolidation offers the most efficient means by which it may assess the fairness of the settlement. See Stalnaker v. Novar Corp. 293 F. Supp.2d 1260, 1262 (M.D. Ala. 2003) (court must scrutinize FLSA settlement for fairness); Fed. R. Civ. P. 23(e) (class action claim may be settled only with court approval).

Case Nos. 08-2133 and 08-2149 shall be consolidated with Case No. 07-2164, which shall be designated as the lead case. All future non-dispositive pleadings, including any pleadings related to Court approval of the global settlement, shall bear the consolidated caption on this order and shall

only be filed in the lead case.[1]

**IT IS SO ORDERED.**

Dated this 21st day of May, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] On February 13, 2008, Magistrate Judge David J. Waxse conducted a status conference with the parties in Case No. 07-2164. The minute order of this conference reflects the settlement of the three cases and indicates that the parties may file pleadings requesting court approval of the settlement. See Minute Order (Doc. #203) filed February 13, 2008.