## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDI R. BRUNER, individually,** ) <br> **and on behalf of a class of others** ) <br> **similarly situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **SPRINT/UNITED MANAGEMENT CO.,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 07-2164-KHV** |
| **JENA LIPNICK and JENNIFER FONG,** ) <br> **individually, and on behalf of a class of** ) <br> **others similarly situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **SPRINT/UNITED MANAGEMENT CO.,** ) <br> **et al.,** ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION** <br> **No. 08-2133-KHV** |
| **JOHNNY ALMONTE, individually,** ) <br> **and on behalf of a class of others similarly** ) <br> **situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **NEXTEL OF NEW YORK, INC.,** ) <br> ) <br> **Defendant.** ) <br> _____) | **CIVIL ACTION** <br> **No. 08-2149-KHV** |

## **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This matter comes before the Court on <u>Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Settlements, For Certification Of Settlement Classes, And For Permission To Disseminate Notice To Classes</u> ("Plaintiffs' Rule 23 Motion") (Doc. #258) filed January 13, 2009.  For substantially the reasons set forth in the memorandum in support of the motion, <u>see</u> <u>Memorandum In Support Of Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Settlements, For Certification Of Settlement Classes, And For Permission To Disseminate Notice To Classes</u> (Doc. #259) filed January 13, 2009, and for good cause shown, the Court hereby preliminarily approves the parties' proposed settlement under Rule 23, Fed. R. Civ. P.

**IT IS THEREFORE ORDERED** that <u>Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Settlements, For Certification Of Settlement Classes, And For Permission To Disseminate Notice To Classes</u> (Doc. #258) filed January 13, 2009 be and hereby is **SUSTAINED**.  The Court hereby preliminarily approves the <u>Joint Stipulation Of Settlement And Release</u> ("Settlement Agreement"), attached as Ex. 1 to Plaintiff's <u>Notice Of Substitution</u> (Doc. #260) filed February 2, 2009.

**IT IS FURTHER ORDERED** that solely for purposes of settlement, the Court hereby provisionally certifies two classes of individuals under Rule 23(a) and (b)(3) which include all persons employed by defendants as customer specialists at defendants' call center in Rancho Cordova, California from May 18, 2003 through March 27, 2008 (the "California Class") and all persons employed by defendants as customer specialists at defendants' call center in Elmsford, New York from June 28, 2001 through March 27, 2008 (the "New York Class").  Under Rule 23(c)(1)(B), the Court appoints Jena Lipnick and Jennifer Fong as class representatives of the California Class and Johnny Almonte as class representative of the New York Class.  The Court appoints Stueve Siegel Hanson LLP and Goldstein Demchak Baller Borgen & Dardarian as class counsel for the California Class and Stueve Siegel Hanson

2

LLP and Outten & Golden LLP as class counsel for the New York Class. Under Rule 23(c)(2)(B), the Court hereby approves the Notice Of Class Action Settlement ("Notice"), attached as Exhibit A to Plaintiffs' Motion (Doc. #258). On or before **April 30, 2009**, defendants will provide the claims administrator the names and addresses of members of the California and New York Classes. On or before **May 15, 2009**, the claims administrator shall disseminate the Notice to the classes in accordance with the Settlement Agreement. In accordance with the Notice, class members may request to be excluded from the class within 30 days of the mailing of the Notice. Those individuals who timely and validly request exclusion from the class in accordance with the requirements of the Notice concerning the time and manner of such request shall be excluded from the class. Unless the Court orders otherwise, no request for exclusion which does not comply with the terms of the Notice shall be deemed valid. All persons who fall within the class definition and who do not timely and validly exclude themselves from the class shall be bound by all determinations and judgments in the litigation concerning the settlement. Any class member may enter an appearance in the litigation, at the class member's own expense, individually or through retained counsel. Any class member who does not enter an appearance in the litigation will be represented by class counsel.

**IT IS FURTHER ORDERED** that a final fairness hearing shall be set for **June 30, 2009**, at 9:30 a.m. at 500 State Avenue, Courtroom 476, Kansas City, Kansas 66101. At such hearing, the Court will determine (1) whether the proposed settlement should be approved as fair, reasonable and adequate; (2) whether judgment should be entered herein; and (3) whether the attorneys' fees and expenses which class counsel requested and the incentive award which the class representative requested should be approved. The Court may adjourn the final fairness hearing without further notice to the class, and shall retain jurisdiction to consider all further applications arising out of or in connection with the proposed

settlement. The Court may finally approve the settlement if appropriate, without further notice to the class. If the Court does not finally approve the proposed settlement, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, the provisional class certification shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter. Otherwise, upon the effective date of the Settlement Agreement, the class certification shall become unconditional.

**IT IS FURTHER ORDERED** that on or before **May 30, 2009**, class counsel shall file their application for approval of attorneys' fees and expenses, and for approval of the class representative's incentive award. Any member of the class may appear at the final fairness hearing and show cause why (1) the proposed settlement should or should not be approved as fair, reasonable and adequate; (2) a judgment should or should not be entered thereon; and (3) the requested attorneys' fees and expenses, and the requested class representative's incentive award, should or should not be approved. No class member or any other person, however, shall be heard on or be entitled to contest the Court's decision on any of the foregoing matters unless that person has no later than **June 15, 2009**, (a) filed written objections and any supporting papers and briefs with the Court, and (b) mailed or delivered copies of such objections, papers and briefs to the parties' counsel at the addresses listed in the Notice. Unless the Court orders otherwise, any class member who does not make his or her objections in this manner shall be deemed to have waived such objections and shall forever be foreclosed from making any objection on these matters. On or before **June 23, 2009**, the parties may file final papers in support of the settlement and may respond to any objection to the settlement or to the application for attorneys' fees and expenses and the class representative's incentive award. Pending final determination whether the settlement should be approved, neither the class representative, nor any class member, either directly,

representatively, or in any other capacity, shall commence or prosecute against any of the parties identified in the Settlement Agreement as "Released Parties," any action or proceeding in any court or tribunal asserting any claims identified in the Settlement Agreement as "Released Claims." Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by defendant of the truth of any allegations in the litigation, or of any liability, fault, or wrongdoing of any kind, all of which defendant expressly denies.

**IT IS FURTHER ORDERED** that unless the Court orders or the Settlement Agreement provides otherwise, no person who is not a class member or class counsel shall have any right to any portion of, or in the distribution of, the settlement fund outlined in the Settlement Agreement. The settlement fund shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court until such time as the settlement fund shall be distributed in accordance with the Settlement Agreement or further order of the Court. The costs of administering the settlement and disseminating the Notice shall be borne and paid in accordance with the Settlement Agreement.

Dated this 31st day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

5