**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BRANDI R. BRUNER, individually, and on behalf of a class of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT CO., *et al.*,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>No. 07-2164-KHV |
| JENA LIPNICK and JENNIFER FONG, individually, and on behalf of a class of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT CO., e*t al.*,<br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>No. 08-2133-KHV |
| JOHNNY ALMONTE, individually, and on behalf of a class of others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>NEXTEL OF NEW YORK, INC.,<br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>No. 08-2149-KHV |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS'
<u>MOTION FOR RECONSIDERATION [DOC. NO. 279]</u>**

Defendants continue to adhere to their position of having no opposition to the requests for attorney's fees or named-Plaintiff awards to the extent that they are consistent with the Joint

Stipulation of Settlement and Release [Doc. No. 260-2]. It is Sprint's view that the simple fact of releasing forever in a legally-binding way the ability to assert a claim (frivolous or not) is sufficient consideration of value for the agreement.

That said, in order to further bolster their positions, Ms. Bruner and Mr. Almonte have set forth information relating to their respective terminations. Simply to make clear in the record that Sprint by no means agrees with those assertions, Sprint points out briefly a very general summary of the reasons why Ms. Bruner and Mr. Almonte respectively were terminated.

Ms. Bruner was terminated for call avoidance. In short, this means that while she was supposed to be performing her job as a representative in the Call Center, she was not making herself available to take inbound calls to the same extent that her co-workers (who were adhering to company policy) were making themselves available.

With respect to Mr. Almonte, he was terminated because Sprint learned that as a supervisor, he pressured a subordinate to provide incorrect information in an internal company investigation in violation of Sprint's code of conduct.

This 3rd day of August, 2009.

Respectfully submitted,

*/s/ Michael L. Blumenthal*
Michael L. Blumenthal
Kansas Bar No. 18582

SEYFERTH, BLUMENTHAL & HARRIS LLC
300 Wyandotte, Suite 430
Kansas City, MO 64105
Tel: (816) 756-0700
Fax (816) 756-3700
E-mail: mike@sbhlaw.com

2

        J. Timothy Mc Donald
        Georgia Bar No. 489420
        Hunter R. Hughes
        Georgia Bar No. 375850

        ROGERS & HARDIN LLP
        2700 International Tower, Peachtree Center
        229 Peachtree Street, N.E.
        Atlanta, Georgia 30303
        Tel.:  (404) 522-4700
        Fax:  (404) 525-2224
        E-mail:  arh@rh-law.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of August, 2009, the foregoing DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION [DOC. NO. 279] was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

    George A. Hanson
    Email: hanson@stuevesiegel.com
    Norman E. Siegel
    Email: siegel@stuevesiegel.com
    Matthew L. Dameron
    Email: dameron@stuevesiegel.com
    STUEVE SIEGEL HANSON LLP

    David Borgen
    Email: borgen@gdblegal.com
    GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

    Justin M. Swartz
    Email: jms@outtengolden.com
    OUTTEN & GOLDEN LLP

        */s/ Michael L. Blumenthal*
        Michael L. Blumenthal