# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDI R. BRUNER, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT CO., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>   No. 07-2164-KHV |
| JENA LIPNICK and JENNIFER FONG, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT/UNITED MANAGEMENT CO., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)<br>)<br>)<br>)<br>)    No. 08-2133-KHV |
| JOHNNY ALMONTE, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTEL OF NEW YORK, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION<br>)<br>)<br>)<br>)<br>)    No. 08-2149-KHV |

## **ORDER**

This matter comes before the Court on <u>Plaintiffs' Unopposed Motion For Final Approval Of</u>

Class Settlements (Doc. #272) filed July 13, 2009 and Plaintiffs' Motion For Final Approval Of Attorneys' Fees (Doc. #268) filed June 12, 2009.  For substantially the reasons set forth in the memoranda in support of these motions, see Memorandum Of Points And Authorities In Support Of Plaintiffs' Unopposed Motion For Final Approval of Class Settlements (Doc. #273) filed July 13, 2009 and Memorandum In Support Of Plaintiffs' Motion For Final Approval Of Attorneys' Fees, Expenses, And Class Representatives' Incentive Awards (Doc. #269) filed June 12, 2009, the Court hereby approves in part the parties' proposed settlement of this bona fide dispute.

On March 31, 2009, the Court entered its Order Preliminarily Approving Class Action Settlement (Doc. #261) ("Preliminary Approval Order").  Therein, the Court preliminarily approved the Joint Stipulation of Settlement and Release ("Settlement Agreement") attached as Ex. 1 to Plaintiffs' Notice of Substitution (Doc. #260) filed February 2, 2009.  On May 19, 2009, the Court entered an Order (Doc. #265) granting defendants' motion to extend the deadline to disseminate class action notice and ordering the claims administrator to disseminate notice to the New York and California Classes on or before May 29, 2009.  The Court received no objections to the proposed settlement.  The Court held a final fairness hearing on July 27, 2009 and has fully considered the parties' submissions.

**IT IS THEREFORE ORDERED** that solely for the purposes of settlement, the Court hereby certifies two classes of individuals under Rule 23(a) and (b)(3) which include:

(1) all persons employed by defendants as customer specialists at defendants' call center in Rancho Cordova, California from May 18, 2003 through March 27, 2008, who are identified in Exhibit E to plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Unopposed Motion For Final Approval of Class Settlements (Doc. #273) (the "California Class"), and

(2) all persons employed by defendants as customer specialists at defendants' call center in

Elmsford, New York from June 28, 2001 through March 27, 2008, who are identified in Exhibit F to plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Unopposed Motion For Final Approval of Class Settlements (Doc. #273) (the "New York Class").

The Court finds that the California and New York Classes meet ascertainability, numerosity, commonality and typicality requirements to justify certification for purposes of the settlement and that this resolution of the Lipnick and Almonte actions as class actions is superior to other available methods. The Court finds that Jena Lipnick and Jennifer Fong are adequate representatives of the California Class and that Johnny Almonte is an adequate representative of the New York Class and appoints them as class representatives. Class Counsel have adequately represented the classes and their appointment as class counsel is confirmed.

Pursuant to the Court's order of May 19, 2009 (Doc. #265), the approved form notices were disseminated to the members of the California and New York Classes. The notices informed class members of the nature of the actions and terms of the settlement, their opportunity to exclude themselves from the settlement, file written objections and appear in person or by counsel at the fairness hearing, and the binding effect of a class judgment. The Court finds that the notice provided in this case was the best practicable, satisfying the requirements of Federal Rule of Civil Procedure 23 and Constitutional due process. No objections to the settlement were filed and therefore all objections are deemed to have been waived and all California and New York Class Members shall forever be foreclosed from making any objection to the settlement and in exchange for participation in this class, the California and New York Class Members who have not timely excluded themselves have released claims to the extent called for in the Settlement Agreement.

The persons identified in Exhibit G to plaintiffs' Memorandum Of Points And Authorities In

Support Of Plaintiffs' Unopposed Motion For Final Approval of Class Settlements (Doc. #273) filed July 13, 2009, timely and validly requested exclusion from the California Class, and are therefore excluded.  The persons identified in Exhibit H to plaintiffs' Memorandum Of Points And Authorities In Support Of Plaintiffs' Unopposed Motion For Final Approval of Class Settlements (Doc. #273) timely and validly requested exclusion from the New York Class, and are therefore excluded.

**IT IS FURTHER ORDERED** that the persons identified in Exhibits G and H are not entitled to any recovery from the settlement and have not released any claims.

Defendants have filed documents with this Court to show compliance with 28 U.S.C. § 1715(b), which requires that defendants notify the United States Attorney General and appropriate state officials of each state where a California and/or New York class member resides.  The Court finds that defendants have complied with this statute.

The Court has reviewed the Settlement Agreement and the submissions by the parties and finds that as it relates to the California and New York Classes, the settlement is fair, reasonable and adequate. See Fed. R. Civ. P. 23(e).  The Court further finds that counsel for all parties have conducted extensive investigation and research to reasonably evaluate their respective positions.  The Court also finds that settlement will avoid additional substantial costs and avoid delay and risks that would be presented by litigation.  The Court finds that the settlement has been reached after intense, serious and non-collusive arm's length negotiations.

**IT IS FURTHER ORDERED** that the settlement is finally approved as it relates to the California and New York Classes and the parties are ordered to consummate the settlement with respect to the California and New York Classes in accordance with the Settlement Agreement. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in

connection therewith, nor this order, shall constitute an admission or concession by defendants of the truth of any allegations in the litigation, or of any liability, fault or wrongdoing of any kind, or any finding regarding the validity of any claims in the lawsuit, all of which defendants expressly deny. Should any reviewing Court on direct appeal and/or on writ of certiorari to the Supreme Court of the United States invalidate the Settlement Agreement or require its modification, the Settlement Agreement and any documents associated with it shall be null and void.

**IT IS FURTHER ORDERED** that the attorneys' fees and expenses with respect to the California and New York Classes, which class counsel requested in the total amount of 30 per cent of the California and New York Settlement Funds, are **APPROVED**.[1]  This amount is payable as set forth in the Settlement Agreement.

### Incentive Awards

Plaintiffs seek a $10,000.00 incentive award for named plaintiffs Jena Fong, Jennifer Lipnick and Johnny Almonte.  As in the FLSA suit, plaintiffs state that the named plaintiffs "provided invaluable guidance and assistance to Plaintiffs' counsel in prosecuting these overtime claims on behalf of the California and New York classes."  Memorandum In Support Of Plaintiffs' Motion For Final Approval

---

[1]  On July 14, 2009, this Court approved in part Plaintiffs' Unopposed Motion For Final Approval Of FLSA Collective Action Settlement (Doc. #256) filed January 13, 2009.  See Memorandum And Order (Doc. #274).  As part of its motion for final approval of the FLSA suit, plaintiffs' counsel requested $1,933,800.00 in attorneys' fees and expenses or 30 per cent of the Kansas Settlement Fund.  Id. at 6.  The Court found that this request was unreasonable and awarded plaintiffs' counsel $768,183.00 in attorneys' fees and expenses.  Id. at 19.  The Court arrived at this number by multiplying the number of hours billed in the FLSA matter (1,300) by the hourly rate which plaintiffs' counsel seeks in Almonte ($590.91).  Id. at 19, n. 13.

After the Court entered its order, plaintiffs' counsel provided extensive contemporaneous billing records for the Bruner, Lipnick and Almonte cases.  In light of these records and the reasonableness of plaintiffs' fee request here, the Court approves the requested fees in Lipnick and Almonte.

Of Attorneys' Fees, Expenses, And Class Representatives' Incentive Awards (Doc. #269) filed June 12, 2009 at 11.  Plaintiffs also state that the named plaintiffs "assisted Plaintiffs' counsel in evaluating Defendants' proffered defenses to this action, participated in discovery, and helped engineer this favorable settlement."  Id.  As in the FLSA suit, plaintiffs provide no details on the number of hours which the named plaintiffs invested, the exact nature of their involvement, whether they gave depositions or any other information concerning their involvement.

At the final fairness hearing on July 27, 2009 and again in Plaintiffs' Motion For Reconsideration, Alteration Or Amendment In the Kansas Case And Supplemental Information For the Record In All Cases (Doc. #279) filed July 28, 2009, plaintiffs' counsel argues that the three named plaintiffs are entitled to incentive awards of $10,000.00 apiece because they executed a general release of all potential claims and must therefore forego prosecution of other claims against Sprint.  See Doc. #279 at 7-8.  In particular, Jena Fong and Jennifer Lipnick cannot recover in a separate class action against Sprint (the so-called Anderson cases).  Id.[2]

The Court is unpersuaded that the named plaintiffs have generally released claims which are worth $10,000.00 in these cases or the so-called Anderson cases.  In fact, in these cases, Jena Fong will

---

[2] On December 22, 2008, Sprint's counsel wrote to confirm the agreement and stated: "Under the Lipnick settlement, Ms. Lipnick and Ms. Fong have already agreed to provide Sprint a general release of all their non Lipnick claims such that they have no claims to the Anderson Cases settlement payment.  Thus the two named plaintiffs in Lipnick (who are getting substantial incentive payments) will not be getting further payments in connection with the Anderson Cases . . . ."  Plaintiffs' Motion For Reconsideration, Alteration Or Amendment In the Kansas Case And Supplemental Information For the Record In All Cases (Doc. #279) filed July 28, 2009 at 8.

Plaintiffs' counsel provides no evidence that Fong or Lipnick would otherwise be entitled to a recovery in the so-called Anderson cases, or any information regarding the value of their alleged claims.  The incentive award which the named plaintiffs request in the so-called Anderson is only $6,000, so it is doubtful that Fong and Lipnick have claims which approximate that sum.  See Magaly Quinteros v. Sprint Nextel Corp., 2:07-CV-06362-SVW, Doc. #31 at 14 (C.D. Cal., May 20, 2008).

6

Case 2:07-cv-02164-KHV-DJW   Document 282   Filed 08/25/09   Page 7 of 8

receive only $2,421.52, Jennifer Lipnick will receive only $3,472.61and Johnny Almonte will receive only $458.59.  See  Doc. #279 at 7.  Plaintiffs cite no evidence that they had claims that were worth $10,000.00 or more in connection to the so-called Anderson cases.  Also, the named plaintiffs in the California and New York actions have not shown that they invested substantially more time in prosecuting this matter than the named plaintiff in Kansas who received a $5,000.00 incentive award. The Court therefore awards Fong and Lipnick $2,500.00 each for their roles in this matter and awards Almonte $5,000.00 for his role in this matter.[3]

**IT IS FURTHER ORDERED** that Settlement Services, Inc. will administer the Settlement and the Court further directs distribution of the settlement awards to the California and New York Class Members who did not file a timely request for exclusion, the attorneys' fees awarded herein, and the incentive awards in accordance with the terms of the Settlement Agreement.

Without affecting the finality of this order, the Court retains exclusive and continuing jurisdiction over the parties to the Settlement Agreement for purposes of resolving issues relating to administration, implementation and enforcement of the settlement, as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Lipnick and Almonte actions are hereby **DISMISSED WITH PREJUDICE**.

Dated this 25th day of August, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[3]    Nothing in the record suggests that Fong and Lipnick served non-redundant roles, or reveals any need for services from both of them.

7

8