# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRANDI R. BRUNER, individually,** ) | |
| **and on behalf of a class of others** ) | |
| **similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 07-2164-KHV** |
| **SPRINT/UNITED MANAGEMENT CO.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |
| **JENA LIPNICK and JENNIFER FONG,** ) | |
| **individually, and on behalf of a class of** ) | |
| **others similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 08-2133-KHV** |
| **SPRINT/UNITED MANAGEMENT CO.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |
| **JOHNNY ALMONTE, individually,** ) | |
| **and on behalf of a class of others similarly** ) | |
| **situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION** |
| ) | **No. 08-2149-KHV** |
| **NEXTEL OF NEW YORK, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion For Reconsideration, Alteration Or

Amendment In The Kansas Case And Supplemental Information For The Record In All Cases (Doc. #279) filed July 28, 2009. On July 14, 2009, the Court issued a memorandum and order which approved the FLSA collective action settlement, awarded attorneys' fees to class counsel and approved a $5,000.00 enhancement award to named plaintiff Brandi Bruner. See Memorandum And Order (Doc. #274). In their motion for reconsideration, plaintiffs ask the Court to modify its order of July 14 to award attorneys' fees equaling 30 per cent of the Kansas settlement fund and to award Bruner $10,000.00 instead of $5,000.00.

**Factual Background**

On April 24, 2007, on behalf of herself and others similarly situated, Bruner filed an FLSA collective action complaint in this Court. In the complaint, plaintiff alleged that Sprint/United Management Company and Sprint Nextel Corporation (collectively "Sprint") violated federal wage and hour law by failing to adequately compensate non-exempt customer specialist employees at Sprint's call center facilities nationwide. See Plaintiffs' Memorandum (Doc. #257) at 3. On August 3, 2007, Bruner and similarly situated plaintiffs filed a motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b). See Plaintiffs' Motion For Conditional Collective Action Certification Pursuant To 29 U.S.C. § 216(b) And For Court-Authorized Notice. See Docs. #74, 75. The Court approved the motion on December 17, 2007. See Memorandum And Order (Doc. #181). On May 21, 2008, upon the parties' motion, the Court consolidated Bruner with two similar actions in California and New York. See Doc. #246.

On January 13, 2009, plaintiffs filed motions to approve the collective and class action settlements in the three cases. See Plaintiffs' FLSA Motion (Doc. #256); Plaintiffs' Unopposed Motion For Preliminary Approval Of Class Settlements, For Certification Of Settlement Classes, And For

Permission To Disseminate Notice To Classes ("Plaintiffs' Rule 23 Motion") (Doc. #258). That same day, the parties filed a joint stipulation of settlement and release with regard to all three cases. See Ex. 1 to Plaintiffs' FLSA Motion (Doc. #256-2); Ex. 1to Plaintiffs' Rule 23 Motion (Doc. #258). Under the terms of the agreement, plaintiffs requested approval of a global settlement fund (including attorneys' fees and costs and enhancement fees to class representatives) of $8,771,000. The settlement fund provided that this amount be apportioned into three settlement funds as follows: $6,446,000.00 for the Kansas Class, $2,000,000 for the California Class and $325,000 for the New York Class. The settlement agreement further stipulated that plaintiffs' attorneys were entitled to fees, expenses and costs in an amount not to exceed 30 per cent of the settlement funds. See Settlement Agreement (Doc. #260-2) filed February 2, 2009. As part of the settlement agreement, "[d]efendant agree[d] not to object or oppose an award by the Court to Stueve Siegel Hanson LLP for fees, expenses and costs in an amount not to exceed a total of thirty percent (30%) of the Kansas Settlement Fund." See Settlement Agreement ¶ 17 attached as Ex. 1 to Plaintiffs' FLSA Motion (Doc. #256) filed January 13, 2009. Plaintiffs' fee request in Bruner amounted to $1,933,800.00 for 1,300 hours of work.

The Court analyzed plaintiffs' fee request using the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Doc. #274 at 7-8. Applying these factors the Court held that the award sought was unreasonable and awarded class counsel $768,183.00. Id. at 21. On July 28, 2009, plaintiffs' filed their Motion For Reconsideration, Alteration Or Amendment In The Kansas Case And Supplemental Information For The Record In All Cases (Doc. #279).

## Legal Standard

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res.

Corp., 57 F.3d 941, 944 (10th Cir. 1995). A motion which asks the Court to reconsider a non-dispositive order "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). In general, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence. Sump v. Fingerhut, Inc., 208 F.R.D. 324, 327 (D. Kan. 2002) citing Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc., 115 F. Supp. 2d. 1250, 1256 (D. Colo. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D. Kan.1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); accord O'Connor v. Pan Am Corp., 5 Fed. Appx. 48, 56 (2d. Cir. 2001).

## **Analysis**

I.      Attorneys Fees, Expenses And Costs

Plaintiffs ask the Court to modify its order of July 14 to award attorneys' fees equaling 30 per cent of the Kansas settlement fund. See Doc. #279 at 5. Plaintiffs argue that the Court's order of July 14 is "perhaps difficult to harmonize with Local Rule 54.2 which requires that parties attempt to reach an agreement before moving for an award of statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2)." See Doc. #279 at 2, n.1. Plaintiffs further argue that the Court should increase its initial fee

4

award because of the ongoing nature of counsel's work on behalf of the Kansas class, particularly because plaintiffs' counsel expects to work an additional 500 billable hours which were not included in the initial estimate of 1,300 billable hours.  See Memorandum In Support Of Plaintiffs' Unopposed Motion For Final Approval Of FLSA Collective Action Settlement (Doc. #257) filed January 13, 2009 at 22.  In the alternative, plaintiffs argue that if the Court "uses a pure lodestar method," it should award counsel $60,647.87 in expenses incurred as part of the Kansas action.

The Court is not persuaded its order of July 14 conflicts with D. Kan. Rule 54.2.[1]  Plaintiffs cite the Court's statement that going forward, it "will skeptically examine and presumably overrule any fee proposal which is presented in a non-adversarial context," see Doc. #274 at 20, and argue that this approach is "perhaps difficult to harmonize with Local Rule 54.2 which requires that parties attempt to reach an agreement before moving for an award of statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2)."  Doc. #279 at 2, n.1.

---

[1]    Rule 54.2 provides as follows:

The court will not consider a motion to award statutory attorney's fees made pursuant to Fed. R. Civ. P. 54(d)(2) until the moving party shall have first advised the court in writing that after consultation promptly initiated by the moving party, the parties have been unable to reach an agreement with regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of those who participated, and the specific results achieved.

If the parties reach an agreement, they shall file an appropriate stipulation and request for an order. If they are unable to agree, within 30 days of the filing of the motion under Fed. R. Civ. P. 54(d)(2), the moving party shall file the statement of consultation required by this rule and a memorandum setting forth the factual basis for each criterion which the court is asked to consider in making an award. Other parties shall have 10 days in which to file a response to the memorandum. The memorandum shall be supported by time records, affidavits, or other evidence. The memorandum in support of a motion required by D. Kan. Rule 7.1(b) need not be filed at the time the Fed. R. Civ. P. 54(d)(2) motion is filed. Discovery shall not be conducted in connection with motions for awards of attorney's fees unless permitted by the court upon motion and for good cause shown.

Rule 54.2 addresses motions for attorneys' fees following a judgment, not situations such as this where the parties negotiate attorneys' fees as part of a settlement agreement, and attempt to prevent unnecessary litigation with regard to attorneys' fees where the parties can agree on appropriate fees. It leaves open the possibility that the Court may reject the parties' agreement, or seek additional information from parties who are not contractually obligated to stand mute and thus "deprive the court of a full record and benefits of the adversarial process." Doc. #274 at 19.

Plaintiffs' supplemental information references additional hours which counsel expect to bill in this matter, the reasonableness of similar fee requests in other jurisdictions and the preference of other courts to apply the percentage of the fund method in similar cases. These materials do not establish grounds to reconsider. First, plaintiffs have not demonstrated an intervening change in controlling law. Second, plaintiffs do not cite newly discovered evidence; nothing in the supplemental record was unavailable to plaintiffs at the time of the original motion for fees. Furthermore, even applying an additional 500 hours to the Court's previous lodestar calculation, the requested fee of $1,933,800.00 would still equate to a billable rate of more than $1,000.00 per hour.[2] An award of this magnitude would be unreasonable. Consequently, reconsideration is not necessary to correct manifest injustice. The Court therefore finds that the motion to reconsider attorneys fees should be overruled.

II.     Incentive Awards To Class Representatives

Plaintiffs renew their request for a $10,000.00 incentive award to Bruner, pursuant to the settlement agreement. See Doc. #279 at 9. Plaintiffs argue that because Bruner executed a general release, she provided defendant greater peace than other class members and is therefore entitled to the

---

[2]     An award of $1,933,800.00 for 1800 hours of work is equivalent to an hourly rate of $1,074.33.

6

requested incentive award. The Court ruled on this same issue in a related order of August 25, 2009. See Order (Doc. #282) at 7. As the Court stated there, plaintiff cites no evidence that she relinquished claims worth $10,000.00 and has not shown that she invested substantially more time in prosecuting this matter than other named plaintiffs. Furthermore, Bruner has not cited newly discovered evidence, any intervening change in the controlling law or any need to correct manifest injustice. The Court therefore finds that the motion to reconsider the incentive award to Bruner should be overruled.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Reconsideration, Alteration Or Amendment In The Kansas Case And Supplemental Information For The Record In All Cases (Doc. #279) filed July 28, 2009 be and hereby is **OVERRULED**.

Dated this 13th day of October, 2009 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge